IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ZANE HUBBARD,

    Petitioner,                    No. 2:13-cv-1254-EFB P

    vs.

CORCORAN STATE PRISON,

    Respondent.                ORDER

_____/

    Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] He seeks leave to proceed *in forma pauperis*.[2] His application makes the required financial showing and therefore the request is granted. *See* 28 U.S.C. § 1915(a). However, that does not end the inquiry. For the reasons explained below, the court finds that it must be dismissed without leave to amend. *See* Rule 4, Rules Governing § 2254 Cases.

    A district court must entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of

---

[1] This case is before the undersigned pursuant to petitioner's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

[2] Petitioner has also filed a motion for appointment of counsel and a request for this court to issue an order to show cause why the petition should not be granted. ECF Nos. 2, 3.

the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A judge entertaining a habeas petition "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  The petition must be dismissed if on initial review the court finds that "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Proceedings.  An application for federal habeas relief must specify all grounds for relief, state facts supporting each ground and state the relief requested.  Rule 2, Rules Governing § 2254 Cases.  While under Ninth Circuit precedent, this court must liberally construe the allegations of a prisoner proceeding without counsel, *see Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006), the court cannot grant relief based on conclusory allegations not supported by any specific facts, *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

In this case, the court lacks habeas jurisdiction because petitioner only challenges a condition of his confinement.  Specifically, petitioner contends that his rights under the First Amendment are being violated because his mail is being opened outside his presence by prison staff. ECF No. 1 at 3. Petitioner further claims that he is being held in segregated housing and that his attempts to pursue legal action is being obstructed. *Id*. at 4.  Even if petitioner were successful in his challenges, such a result would not shorten his sentence.  Accordingly, this court lacks habeas jurisdiction over the claims raised in the petition. *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) ("[H]abeas jurisdiction is absent . . . where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.").  As it is clear that petitioner cannot allege that the challenged conditions of confinement affect the duration of his imprisonment, the petition will be dismissed without leave to amend.  *See Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (stating that an indigent prisoner proceeding without counsel

1 must be given leave to file amended complaint unless the court can rule out any possibility that
2 the plaintiff could state a claim).  This order is without prejudice to petitioner filing a civil rights
3 action challenging the conditions of his confinement.
4      As this action must be dismissed, petitioner's motion for appointment of counsel and
5 request for the issuance of an order to show cause will be denied.
6      Accordingly, it is hereby ORDERED that:
7      1. The petition is dismissed without leave to amend;
8      2. Petitioner's motion for appointment of counsel (ECF No. 2) is denied;
9      3. Petitioner's motion for an order to show cause (ECF No. 3) is denied;
10      4. The Clerk is directed to close the case; and
11      5. The court declines to issue a certificate of appealability.
12 Dated: August 20, 2013.

                EDMUND F. BRENNAN
                UNITED STATES MAGISTRATE JUDGE